IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| JOSH STUBBLEFIELD, JR., #1049116 § | |
| § | |
| v. § | CIVIL ACTION NO. G-03-584 |
| § | |
| DOUG DRETKE, DIRECTOR § | |
| OF TDCJ-CID § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Josh Stubblefield, Jr., a prisoner in the Texas Department of Criminal Justice--Correctional Institutions Division. Respondent filed an Answer seeking dismissal with prejudice of Petitioner's claims. Petitioner has responded. Having carefully considered the Petition, the parties' motions and briefs, and the state court records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 10th District Court of Galveston County, Texas on June 15, 2001. Petitioner was indicted and charged with possession of a controlled substance, to wit: cocaine, with intent to deliver. For purposes of enhancement, the indictment also contained two prior felony convictions. Petitioner pled "not guilty" to the charge. The case was tried to a jury. The jury, after hearing all the evidence, found Petitioner guilty of the offense as alleged in the indictment. Petitioner pled "true" to the enhancement paragraphs. Thereafter, having heard the evidence at punishment, the jury found both enhancement allegations true and sentenced him to seventy (70) years imprisonment.

1

Petitioner appealed his conviction. The court of appeals affirmed his conviction on May 22, 2002. His petition for discretionary review was refused by the Texas Court of Criminal Appeal on July 31, 2002.

On February 13, 2003, Petitioner filed a writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure, which was denied without written order on May 7, 2003. Petitioner filed the instant writ in federal court on July 17, 2003. Petitioner states five general grounds for relief as outlined below.[1]

    A. <u>Claims of Ineffective Assistance of Trial Counsel</u>

Petitioner raises numerous claims of ineffective assistance of trial counsel. Specifically, Petitioner asserts that counsel was ineffective for the following reasons:

> (1) failed to conduct an investigation; (2) failed to interview witnesses; (3) failed to prepare for trial; (4) misinformed Petitioner of his trial date, which denied his family the opportunity to attend his trial and testify on his behalf; (5) failed to represent him at the jury selection phase of the trial, which included failing to request a jury shuffle, not objecting and allowing the State to strike the only two black jurors on the panel, and failing to object when the clerk was allowed to select a jury that consisted only of white and Hispanic jurors; (6) failed to object to a *Brady* violation which occurred when the State withheld co-defendant Crisp until the day of trial; (9) failed to object to State's use of perjured testimony of Crisp; (10) failed to conduct adequate cross-examination of Crisp; and (11) failed to request a jury instruction on accomplice witness testimony during the guilt and innocence phase of trial.

The Sixth Amendment to the Constitution provides criminal defendants a right to effective assistance of counsel. U.S. CONST., Amend. VI. To successfully state a claim of ineffective

---

[1] Petitioner sets forth seven grounds of error in his federal writ and, contained within each ground, he asserts additional claims. The Court has taken the liberty of consolidating Petitioner's claims into five general categories, taking care to discuss each claim asserted within the context of each category.

assistance of counsel, a petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner's failure to establish either prong of *Strickland* necessarily requires a finding that counsel's performance was constitutionally effective. *Id.* at 687.

When determining whether counsel's performance was deficient, courts will "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Id.* at 689; *see also, Wilkerson v. Collins*, 950 F.2d 1054, 1064 (5th Cir. 1992), *cert. denied*, 59 U.S. 921 (1993) (a reviewing court must be highly deferential to the trial attorney's conduct and presume that assistance was reasonably effective). Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Strickland,* 466 U.S. at 691.

To establish prejudice, a petitioner must establish that "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" means a probability sufficient to undermine the confidence in the outcome. *Id.* A petitioner must "affirmatively prove prejudice." *Id.* at 693. A petitioner cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir.), *cert. denied*, 506 U.S. 829 (1992). Furthermore, conclusory allegations are also insufficient. *Schlang v.* Heard, 691 F.2d 796, 799 (5th Cir. 1982), *cert. denied*, 461 U.S. 951 (1983); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Finally, when there has been an adjudication on the merits in state court, as there has been here, in order to grant habeas relief, a federal court must decide that the state court's application

of the *Strickland* standard was "objectively unreasonable." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 409-10 (2000). In doing so, the focus is on the state court's ultimate legal conclusion, not its reasoning. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003).

### *Investigation, Interview, Defense Issues*

Petitioner initially contends that his trial attorney failed to conduct an investigation, interview any witnesses before trial, particularly co-defendant Crisp, and prepare for trial. Pet. at 7; Appendix 7-A. Petitioner also contends that counsel misinformed him of his trial date and this prevented his family from attending and participating as witnesses on his behalf. Pet. at Appendix pg. 7-A.

A review of the record, however, reveals that there is no basis to conclude that defense counsel's performance was constitutionally deficient. When determining the reasonableness of counsel's performance a court must consider the defendant's own actions. *Strickland*, 466 U.S. at 691. Here, the record reveals that Petitioner did not fully cooperate or assist counsel in the preparation of the case. Nevertheless, defense counsel did conduct an investigation, contacted and interviewed witnesses, and prepared the case for trial. Trial Transcript ("T.T."), Vol. 1 at 5:18-25; 68:17-25; *Ex Parte Stubblefield* at 74-75 (affidavit of defense counsel Victor Ihezukwu). The record further reflects that prior to trial defense counsel went to the District Attorney's office on numerous occasions to review the State's file, photographs, and other evidence, and that he had subpoenaed witnesses prior to trial to testify for the defense. T.T., Vol. 1 at 6:10-14; 7:6-10; 8:1-10; 12:19-23.  Although Petitioner now contends that counsel's conduct was deficient for failing to interview co-defendant Crisp, the record reveals that he told counsel there was no need

4

to interview her because she would have no relevant information. *Ex Parte Stubblefield* at 74-75 (affidavit of defense counsel Victor Ihezukwu). "When a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless…counsel's failure to pursue these investigations may not later be challenged as unreasonable." *Strickland*, 466 U.S. at 691; *see also, Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997) (trial counsel was not ineffective for failing to discover evidence about which defendant knew but withheld from his counsel).

Moreover, aside from co-defendant Crisp, Petitioner fails to set forth what additional investigation should have been completed by counsel, what other witnesses were available or what they would have said, nor does he specify what additional possible defenses he should have been advised on or why the outcome would have been different if his attorney had acted otherwise. Petitioner also fails to establish that, even assuming counsel's conduct was deficient, he was prejudiced. A mere allegation of prejudice is insufficient. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071 (1995).

Finally, while Petitioner also asserts that trial counsel failed to inform him of his trial date, which he claims prevented his family from attending his trial, he fails to submit any evidence, or to include affidavits from his family or friends, that would dispute trial counsel's statement that he "contacted [Petitioner's] family and requested their assistance in preparation of his defense and their presence during trial without any response." *Ex parte Stubblefield* at 74-75 (affidavit of defense counsel Victor Ihezukwu). Petitioner's mere conclusory statements, without more, will not support a claim of ineffective assistance of counsel in a habeas case. *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on these issues.

### *Jury Selection Issues*

Petitioner asserts a number of different claims that defense counsel was ineffective in the jury selection phase of the trial. First, Petitioner appears to make a general claim that counsel denied him effective representation during jury selection. This general claim is not supported by the record. Instead, the record reflects that counsel conducted *voir dire*, trying the qualifications of the prospective jurors by asking numerous questions (T.T., Vol. 1 at 51-59), before engaging in examination of individual venire members. T.T., Vol. 1, at 59-68.

Second, Petitioner contends that counsel rendered ineffective assistance because he failed to request a jury shuffle. Under Texas law, upon demand, either the defendant or the State is entitled to have a jury panel reshuffled before voir dire commences. *Smith v. State*, 648 S.W.2d 695, 696 (Tex.Crim.App. 1983), *citing to* Tex. Code Crim. Proc. art. 35.11. A jury shuffle has the effect of randomly reordering the names of prospective jurors on the jury list. *Jones v. State*, 833 S.W.2d 146, 148 n. 3 (Tex.Crim.App. 1992). However, defense counsel's decision not to request a jury shuffle prior to voir dire can not be deemed deficient as it could have been a tactical decision. *Strickland*, 466 U.S. at 689. Moreover, Petitioner fails to show that but for defense counsel's failure to request a jury shuffle that a reasonable probability exists that the outcome of the proceeding would have been different. Although Petitioner appears to allege that had counsel requested a jury shuffle he would not have been found guilty of the offense and suggests that his guilt was only conceded because of his race (Pet. at Appendix 7-B), his assertions are tantamount to nothing more than mere speculation. *Armstead v. Scott*, 37 F.3d at 206.

Third, Petitioner claims that the State struck two potential jurors based on race and that defense counsel was ineffective because he failed to object. Pet. at 7. Petitioner contends that

6

counsel failed to object to a jury that consisted only of white and Hispanic jurors and appears to assert that he was entitled to a jury that included, at least to some degree, members who are African American. *See* Pet. at Appendix p. 7-A. A State violates a defendant's rights if it uses its peremptory challenges to strike prospective jurors solely on the basis of race. *Batson v. Kentucky*, 476 U.S. 79, 89 (1986). Although a potential juror may not be excluded on the basis of his or her race, it is well-settled that "a defendant has no right to a 'petit jury composed in whole or in part of persons of his own race.'" *Id.* at 85. The absence of juror diversity alone is insufficient to satisfy the *prima facia* requirement of *Batson. Id.*

A review of the record reflects that the State exercised peremptory challenges, but there is simply no evidence that any were based on race, nor is there any *prima facie* evidence of purposeful discrimination. Petitioner cannot support his claims of ineffective assistance of counsel merely on conclusory allegations. *See Batiste v. State*, 888 S.W.2d 9, 15-16 (Tex.Crim.App. 1994) (failure to file a *Batson* motion is not *per se* ineffective assistance of counsel). Furthermore, when determining the reasonableness of counsel's actions, the court may consider the statements or conduct of the defendant. *Strickland*, 466 U.S. at 691. Here, the Court observes that during *voir dire*, the record clearly reflects that Petitioner grabbed the jury list away from defense counsel and complained that he didn't want him to "do my strikes." T.T., Vol. 1 at 68:17-25; Clerk's Record ("C.R.") at 35. Defense counsel performance can not be deemed deficient where he complied with Petitioner's demands.

Finally, Petitioner contends that defense counsel failed to object when the clerk was allowed to select and seat the jurors from the jury list as it resulted in a jury composed of only white and Hispanic jurors. Petitioner's claim is without merit. The trial court may instruct the

7

court clerk to seat the first twelve (12) individuals, not otherwise stricken from the plaintiff's and defendant's list, to comprise the jury. Tex. Code Crim. Proc. art. 33.01; 35.26. The record reflects that the court clerk seated the first twelve individuals not stricken from the lists. C.R. at 35-36. Accordingly, defense counsel's conduct was not deficient.

In conclusion, Petitioner has failed to demonstrate that counsel rendered ineffective assistance at the jury selection phase of the trial. Further, Petitioner's claims fail because he has not shown that the State court's determination in this matter involved either an unreasonable application of *Strickland* or was unreasonable in light of the evidence.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on all these issues.

### *Issues Regarding Testimony of Co-Defendant Crisp*

Petitioner asserts that counsel was ineffective based on a number of claims arising out of the testimony of co-defendant Constanza Crisp ("Crisp"). First, Petitioner claims that counsel failed to object when he knew that the State withheld "accomplice witness" Crisp until the day of trial in violation of Petitioner's due process rights as required by *Brady*.

Under *Brady*, the prosecution is not permitted to suppress evidence favorable to the accused. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Encompassed within the *Brady* rule is the suppression of evidence that may be used to impeach a witness' credibility. *United States v. Bagley*, 473 U.S. 667, 676 (1985); *see also, Giglio v. United States*, 405 U.S. 150, 154 (1972) (prosecution has a duty to disclose an express agreement between the State and a witness). A petitioner seeking habeas relief based on an alleged *Brady* violation must establish that "(1) the prosecution withheld evidence, (2) the evidence was favorable to the petitioner, and (3) the evidence was material." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532

U.S. 1039 (2001). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). However, a defendant cannot prevail on a claim that evidence was suppressed if he either knew or should have known about the essential facts permitting him to take advantage of any exculpatory evidence. *Lawrence v. Lensing,* 42 F.3d 255, 257-58 (5th Cir. 1994).

Petitioner fails to state a claim for a *Brady* violation. No evidence was suppressed in this case because the defense was aware of co-defendant Crisp and, as a co-defendant, her potential involvement in the case. Furthermore, in his affidavit, defense counsel makes clear that he specifically asked Petitioner about Crisp for purposes of his investigation, but Petitioner told counsel that Crisp would not have any relevant information for his case. *Ex parte Stubblefield* at 74-75 (affidavit of defense counsel Victor Ihezukwu). Finally, it is clear that the State provided the information regarding Crisp's plea agreement, as well as her criminal conviction history, to the defense at the trial, but prior to her testimony. T.T. at 56:8-10. Defense counsel was given time not only to review the material, but also to utilize the material at trial to challenge her credibility and impeach her testimony. T.T. Vol. 2, 46-47. There was no violation of *Brady*. *United States v. McKinney*, 758 F.2d 1036, 1049-50 (5th Cir. 1985). Accordingly, defense counsel did not render ineffective assistance for failing to object.

Next, Petitioner contends that counsel was ineffective because he failed to object to the State's use of perjured testimony of accomplice witness Crisp. Prosecutors can not establish their case with perjured evidence, and "a conviction obtained by the knowing use of perjured testimony is fundamentally unfair and must be set aside if there is any reasonable likelihood that the false

9

testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103 (1976). To prevail on a claim that the State deprived him of due process by presenting false testimony, a petitioner must show that (1) the testimony was false; (2) the testimony was material to the verdict, and (3) the prosecutor knew the testimony to be false. *United States v. Blackburn*, 9 F.3d 353, 357 (5th Cir. 1993), *cert. denied*, 513 U.S. 830 (1994). False testimony is "material" if "there is any reasonable likelihood that the false testimony could have affected the jury's verdict." *Kirkpatrick v. Whitley*, 992 F.2d 491, 497 (5th Cir. 1993) *quoting, United States v. Bagley*, 473 U.S. 667, 678 (1985).

The record does not support Petitioner's claim of perjury, much less a claim that the prosecutor in any way acted improperly or knowingly in presenting false testimony. Further, Petitioner offers no evidence that Crisp's testimony was false, nor does he offer any evidence of prior inconsistent statements by Crisp to support or suggest her testimony at trial was false. The mere fact that Crisp was an accomplice witness, whose testimony might be challenged as untrustworthy, does not automatically render her testimony as perjured. Because there is no evidence of perjury by Crisp, and there is no evidence that the prosecutor sought to elicit false testimony from her, an objection by defense counsel would have been unwarranted and, as such, Petitioner's claim fails.

Finally, Petitioner claims that counsel was ineffective because he failed to conduct an adequate cross-examination of co-defendant Crisp. Petitioner's claim is without merit. The record clearly reflects that defense counsel did, in fact, cross-examine Crisp and was able to elicit sufficient information to challenge her credibility and to inform the jury of the issues of her credibility. T.T. at 56-59. A court's scrutiny of an attorney's performance is generally highly

deferential and a court will not second-guess the tactical decisions of trial counsel. *Strickland*, 466 U.S. at 689. Notwithstanding this fact, Petitioner also fails to demonstrate what more counsel could have done in the cross-examination of co-defendant Crisp or even how a "more adequate cross-examination" of Crisp would have altered the outcome. Petitioner has not met his burden of establishing counsel rendered ineffective assistance.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on these issues.

### Accomplice Witness Charge

Petitioner contends counsel was ineffective by failing to request that the court include an instruction on accomplice witnesses in the jury charge.

Texas law provides that "an accomplice witness instruction is required when the evidence clearly shows that the witness is an accomplice as a matter of law. When the witness has been indicted for the same offense as the defendant, the witness is an accomplice as a matter of law." *Stubblefield v. State*, 79 S.W.3d 171, 175 (Tex.App.–Texarkana 2002, pet. ref'd).

In his state court appeal, Petitioner maintained that the trial court committed reversible error by failing to submit an accomplice witness instruction to the jury. After reviewing the transcripts and records, the state court of appeals concluded that even though Petitioner was entitled to an accomplice-witness charge, he was not harmed because there was more than sufficient independent corroborating evidence connecting him to the offense. *Stubblefield v. State*, 79 S.W.3d 175-78 (Tex.App.–Texarkana 2002, pet. ref'd). In so finding, the court of appeals affirmed the judgment in the case. *Id.*

An error by counsel, even if professionally unreasonable, will not "warrant setting aside the judgment of a criminal proceedings if the error had no effect on the judgment." *Strickland*,

466 U.S. 691. Here, Petitioner has not shown that there was a reasonable probability that but for counsel's deficient performance, the result would have been different. Having failed to establish prejudice, Petitioner fails to demonstrate that counsel provided constitutionally ineffective assistance.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this issue.

B.  Claims of Ineffective Assistance of Appellate Counsel

Petitioner contends he received ineffective assistance of appellate counsel because counsel failed to appeal the "obvious" error of the "challenge for cause to a bias juror" which he asserts could have "raised the reversible error on direct appeal." Pet. at 7. Petitioner's claim is without basis.

In order to establish a claim for ineffective assistance of appellate counsel, Petitioner must establish that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by it. *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (applying standard set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

In reviewing the record, the Court observes that defense counsel requested the Court strike a venire member, Flores, for cause because he thought she would be too prejudicial to the defense. T.T., Vol. 1 at 67:20-22. The record reveals that Flores stated she was a three year employee of the County and worked on translations. T.T., Vol. 1 at 66:7-24. She stated that she did not know anything about the case. T.T., Vol. 1 at 66:14-19. She also responded that she did not work in the District Attorney's office, and while she knew people there, it was only in a professional capacity. T.T., Vol. 1 at 66:20-24; 67:8-19. Flores also unequivocally stated that even though she was employed by the County, this would not impair her from being a fair and impartial juror

and that she could hear the evidence and make a decision on that basis. T.T., Vol. 1 at 66:25; 67:1-6. Although defense counsel moved to strike venire member Flores for cause, the Court denied the defense's challenge because Flores stated that regardless of her job, she could be fair and impartial and make a judgment based on the evidence presented. T.T., Vol. 1 at 67:20-25; 68:1-2. Petitioner has no constitutional right "to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Moreover, appellate counsel is not required to raise baseless or unwarranted issues on appeal. *See Smith v. Robbins*, 528 U.S. at 278. Petitioner fails to present evidence that this juror was biased and that it was error for the trial court to refuse defense's challenge for cause. Absent a showing of bias, there is no basis to conclude appellate counsel's performance was deficient for failing to present this issue on appeal. Petitioner's claim also fails because he has not demonstrated prejudice.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this issue.

C. Claims of Error by Trial Court

Petitioner maintains the trial court abused its discretion and denied him a fair trial because the judge (1) refused to appoint new counsel; (2) refused his timely motion to challenge a juror for cause; (3) allowed co-defendant Crisp to enter a plea during his trial; and (4) allowed the perjured testimony of Crisp.

To prevail on claims of trial court error, a petitioner must establish that the error did more than merely affect the verdict. *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984). Instead, he must establish that it rendered the trial, as a whole, fundamentally unfair. *Id.* An error by the trial court renders the trial fundamentally unfair only if there is a reasonable probability that the

verdict would have been different had the trial been conducted properly. *See Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988). Applying the federal harmless error standard, the error must have "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (*quoting, Kotteakos v. United States*, 328 U.S. at 776). Accordingly, a petitioner is not entitled to federal habeas relief unless he can establish that the trial court error resulted in actual prejudice. *See id.*

First, Petitioner contends that the trial court erred in not appointing him new counsel. This Court finds no merit in Petitioner's claims. The Sixth Amendment guarantees the right to counsel. U.S. CONST. amend. VI. This right, however, does not include the right to counsel of defendant's choice. *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993). The decision of who to appoint as counsel to an indigent defendant is left to the sound discretion of the judge. *See Moreno v. Estelle*, 717 F.2d 171, 176 (5th Cir. 1983), *cert. denied*, 466 U.S. 975 (1984). Furthermore, it is within the trial court judge's discretion to deny a change of counsel on the day of trial if the change would require a continuance. *See Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982).

A review of the record reflects that Petitioner was appointed counsel to represent him. On the date of trial, Petitioner informed the trial court that he wanted another attorney to represent him because he claimed that defense counsel had not informed him about the charges against him, nor had counsel prepared the case for trial or subpoenaed any witnesses on his behalf. T.T., Vol. 1 at 3-9. However, Petitioner's assertions to the trial court judge were not only refuted by defense counsel, but also by the prosecutor who stated on the record that defense counsel had come to his office on more than a few occasions to review the State's file and the evidence. T.T., Vol. 1 at

5-7; *see also Ex parte Stubblefield* at 74-75 (affidavit of defense counsel). Given the facts, the trial court was well within its discretion to deny Petitioner's request for new counsel. Moreover, as discussed above, Petitioner was provided constitutionally effective assistance of counsel.

Second, Petitioner contends that the trial court abused its discretion by refusing to consider Defendant's timely challenge for cause based on the fact that the jury was racially "made up" and included a juror who had reason to be biased. State evidentiary rulings, even if erroneous, are only matters for federal habeas review if they are of such magnitude as to constitute a denial of fundamental fairness under the Due Process Clause. *Mattheson v. King*, 751 F.2d 1432, 1445 (5th Cir. 1985), *cert. dism'd,* 475 U.S. 1138 (1986). An erroneous admission of evidence is error only when it is "material in the sense of a crucial, critical, highly significant factor." *Id.* A review of the record reveals that Defendant, through his counsel, challenged a prospective juror for cause based on bias. T.T., Vol. 1 at 67:20-25; 68:1-2. However, as previously discussed, the trial court judge denied defense counsel's challenge for cause because the prospective juror clearly stated that she could be fair and impartial and would decide the case based on the evidence presented. Considering that Petitioner failed to make any showing that the juror was biased, the trial court's refusal to consider the challenge does not constitute error.

Petitioner also appears to claim that the trial court committed error in refusing a motion that challenged the jury because it was "racially made up." Contrary to Petitioner's contentions, the record does not reflect any such motion was urged. Although Petitioner fails to establish his claims regarding the racial composition of the jury, in the absence of any such challenge, the trial court may not *sua sponte* raise this issue. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir.), *cert. denied*, 513 U.S. 966 (1994). Moreover, as discussed above, the trial court committed no error

15

in allowing the court clerk to seat the first twelve jurors from the jury list in accordance with the rules of criminal procedure. Tex. Code Crim. Proc. art. 33.01; 35.26.

Next, Petitioner contends that the trial court abused its discretion in allowing accomplice witness Crisp to "interrupt" his trial proceeding to plead guilty and that the trial court judge also erred in allowing the perjured testimony of this witness. Here, the record clearly reflects that, after the defense rested its case, the State requested to call co-defendant Crisp as a rebuttal witness. Further, the State's request to call co-defendant Crisp as a rebuttal witness, as well as Crisp's subsequent plea, all took place outside the presence of the jury. T.T. at 46-47. During the recess, defense counsel was also afforded time to discuss the matter with Petitioner and prepare for Crisp's testimony. Accordingly, this Court rejects Petitioner's claims that the trial court erred.

Finally, Petitioner contends the trial court erred in permitting the perjured testimony of co-defendant Crisp. As previously discussed, Petitioner offers to no evidence that Crisp perjured herself. Accordingly, Petitioner fails to establish any error.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on all of these issues.

D.  Prosecutorial Misconduct Claims

Petitioner alleges that the prosecutor committed misconduct which denied him the right to a fair trial. Specifically, Petitioner alleges the prosecutor (1) violated *Brady* by withholding the exculpatory testimonial evidence of co-defendant Crisp until the day of trial; (2) failed to interview and investigate its own case regarding the testimony of the co-defendant Crisp; (3) failed to list Crisp as a witness prior to trial; and (4) disrupted the Petitioner's trial with the intent to prejudice him by allowing accomplice witness Crisp to enter a plea agreement during his trial, and allowed the introduction of perjured testimony from her.

### *Brady & Failure to Investigate Claims*

The due process rights of the Fourteenth Amendment prohibit a prosecutor from suppressing evidence that is favorable to a defendant under certain conditions. *Brady*, 373 U.S. at 87-88. However, as discussed above, Petitioner fails to establish a *Brady* violation occurred.

Petitioner also claims prosecutorial misconduct because the State failed to interview and investigate its own case regarding the testimony of co-defendant Crisp. A prosecutor has a duty to fully investigate a case, but such duty does not extend "to conduct a defendant's investigation or assist in the preparation of defendant's case." *United States v. Marrero*, 904 F.2d 251, 261 (5th Cir. 1990), *cert. denied*, 498 U.S. 1000 (1990). Moreover, the State's duty to investigate does not extend to discovery of information that is equally available to the defendant. *See East v. Scott*, 55 F.3d 996, 1003-05 (5th Cir. 1995). Here, the potential testimony of Crisp was equally available to the defendant, therefore, the prosecutor's conduct was not deficient under *Strickland*. Although the prosecutor does have a duty, in the interest of fairness, to investigate the criminal history of witnesses, the record reflects the State met this duty and provided a copy of Crisp's criminal history to defense counsel at trial. *East v. Scott*, 55 F.3d at 1003. Finally, even applying the standard enunciated in *Strickland*, Petitioner fails to show a reasonable probability that the verdict might have been different with further investigation by the State.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on these issues.

### *Perjury Issues*

Petitioner next claims that witness Crisp perjured herself at his trial and that the State allowed her to commit perjury. Pet. at 8; Appendix 8-A. A prosecutor violates a criminal defendant's right to due process when he "knowingly uses perjured testimony at trial or allows

17

untrue testimony to go uncorrected." *Goodwin v. Johnson*, 132 F.3d 162, 185 (5th Cir. 1997). As discussed above, Petitioner's claims are without merit. Although Petitioner alleges that Crisp's testimony was perjured, he offers no evidence to support his claims that it was false, nor does he offer any evidence that the prosecutor either knew or believed Crisp's testimony was false. Petitioner's conclusory allegations, without more, can not support relief in a federal habeas action.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this issue.

### *Witness List*

Petitioner contends that it was misconduct for the prosecutor to fail to include co-defendant Crisp on the witness list. Pet. at Appendix 8-B. The State must generally disclose, prior to trial, a list of witnesses that it intends to call during the trial. The State did not list co-defendant Crisp on its witness list. However, "absent a showing of bad faith by the State, bringing a witness for the sole purpose of rebutting unforeseen testimony is proper." *Doyle v. State*, 875 S.W.2d 21, 22 (Tex.App.–Tyler 1994). Here, the State did not anticipate a need for co-defendant Crisp's testimony until after Petitioner testified regarding facts that were completely inconsistent with the State's understanding of the events. Petitioner fails to establish any bad faith or misconduct by the State for not including Crisp, who was called as a non-expert rebuttal witness, on the witness list.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this issue.

E. Insufficient Evidence Or No Evidence Claim

Petitioner claims that the evidence presented to the jury was insufficient or no evidence to support a conviction of possession of a controlled substance with intent to deliver because there was no evidence that he had "care, custody, control, or management" over the drugs, or that he

was in "exclusive possession and control of the place where the contraband was found and did not have knowledge or control over the contraband."

Claims of insufficient evidence are ordinarily not cognizable in Texas in a habeas proceeding. *Ex parte McLain*, 869 S.W.2d 349 (Tex. Crim. App. - 1994). It has long been held under Texas law that a claim of legal insufficiency cannot be raised in a writ of habeas corpus; it can only be asserted in a direct appeal. *West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997). Petitioner raised this issue on appeal and then ultimately to the Court of Criminal Appeals in a petition for discretionary review. As such, the Court cannot grant habeas relief unless Petitioner shows that the state court's judgment (1) resulted in a decision contrary to, or involved an unreasonable application of, federal law, or (2) was unreasonable in light of the evidence. 28 U.S.C. § 2254(d)(1)-(2).

In determining an insufficiency claim, a federal habeas court decides whether "in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary" for the crime's essential elements. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). All credibility choices must be construed in favor of the verdict. *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999), *cert. denied*, 531 U.S. 822 (2000). Petitioner has not shown that the state court's judgment in this matter involved an unreasonable application of federal law or was unreasonable in light of the evidence.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this point.

## Conclusion

For all the reasons stated herein, the Court **RECOMMENDS** the Petition for a Writ of Habeas Corpus of Josh Stubblefield, Jr. (Instrument No. 1) be **DISMISSED**.

The Clerk shall send copies of this Report and Recommendation to the Parties. The Parties shall have until **July 14, 2006,** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. <u>The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>. **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____21st_____ day of June, 2006.

_____
John R. Froeschner
United States Magistrate Judge